**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LARKIN LEE ANDERSON, JR.; JAYLON HURSTON; ERIK GUILLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No. 2:26-cv-09977 (JXN-JBC)<br><br>Motion Day: November 16, 2026 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT THE RADICE LAW FIRM, PC AS INTERIM LEAD COUNSEL**

A. Luke Smith
John Radice
Charles Kopel
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
(646) 245-8502
lsmith@radicelawfirm.com
jradice@radicelawfirm.com
ckopel@radicelawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

# TABLE OF CONTENTS


**INTRODUCTION** .......... 1

**BACKGROUND** .......... 2

**ARGUMENT** .......... 3

I. Appointment of Interim Lead Counsel is Appropriate. .......... 3

II. Radice Law Firm is Best Suited to Represent the Interests of the DSP Delivery Drivers Class. .......... 3

**CONCLUSION** .......... 5

# TABLE OF AUTHORITIES

**Cases**

*Durso v. Samsung Electrs. Am., Inc.*, No. 2:12–cv–5352, 2013 WL 4084640 (D.N.J. Aug. 7, 2013) ........ 4

*Fero v. Excellus Health Plan, Inc.*, 2016 WL 297742 (W.D.N.Y. Jan. 25, 2016) ........ 5

*Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, No. 2:20-CV-14464, 2025 WL 3771284 (D.N.J. Dec. 31, 2025) ........ 3

*In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362 (E.D. Pa. 2022) ........ 5

*La. Health Serv. & Indem. Co. v. Janssen Biotech Inc.*, Civ. No. 2:19-CV-14291, 2021 WL 486895 (D.N.J. Feb. 10, 2021) ........ 4

*Mitchell v. Kenvue, Inc.*, No. 3:24-CV-04109, 2025 WL 1224229 (D.N.J. Apr. 28, 2025)....... 3, 4

*Yaeger v. Subaru of Am., Inc.*, Civ. No. 1:14-CV-04490, 2014 WL 7883689 (D.N.J. Oct. 8, 2014) ........ 4

**Other Authorities**

*Manual for Complex Litigation*, Fourth ........ 3

**Rules**

FED. R. CIV. P. 23 ........ 4, 5

Plaintiffs Larkin Lee Anderson, Jr., Jaylon Hurston, and Erik Guillen respectfully submit this memorandum of law in support of their motion to appoint the Radice Law Firm, PC ("Radice Law Firm") as Interim Lead Counsel for the class of delivery drivers employed or formerly employed by Amazon Delivery Service Partners ("DSPs").

## INTRODUCTION

Radice Law Firm is a boutique litigation firm based in Princeton, New Jersey and specializing in complex antitrust class actions. It has established a record of successful and zealous prosecution of claims on behalf of antitrust plaintiffs, including workers alleging wage suppression.[1] Just five months ago, Radice Law Firm successfully obtained a $474.9 million (before automatic trebling) jury trial verdict in a complex antitrust action.[2]

On August 6, 2026, Radice Law Firm filed the first putative class action on behalf of Plaintiffs Larkin Lee Anderson, Jr. and Jaylon Hurston and a nationwide class of delivery drivers employed or formerly employed by Amazon's Delivery Service Providers ("DSPs") (the "Class").[3] Shortly after filing the initial Complaint, Radice Law Firm was retained by another representative Plaintiff and began work on an amended pleading. In furtherance of the interests of the class, Radice Law Firm hired a team of expert economists to help prepare the amended pleading, negotiated a stipulated pleading schedule with counsel for Amazon, and communicated with counsel for the New Jersey Attorney General regarding coordination of our action with their related action.[4]

---

[1] *See Le et al. v. Zuffa, LLC*, No. 15-01045 (D. Nev.) ($375 million settlement in case alleging suppression of wages of UFC fighters); Declaration of Charles Kopel ("Kopel Decl."), Ex. A (Firm Resume detailing history of successful recoveries on behalf of antitrust class plaintiffs in courts nationwide).

[2] *See In re Amitiza Antitrust Litig.*, No. 1:21-CV-11057, ECF No. 903 (D. Mass.).

[3] ECF No. 1.

[4] *See* Kopel Decl. ¶¶ 3-9.

To date, no firm has done more than Radice Law Firm to identify and investigate potential claims, manage the proceedings, and prosecute this case on behalf of the putative Class. Appointment of Radice Law Firm as Interim Lead Counsel will serve the best interests of the Class.

## BACKGROUND

On August 4, Jennifer Davenport, Attorney General of the State of New Jersey, filed an antitrust action in this Court against Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively, "Amazon"), alleging that Amazon holds monopsony power in the market for DSP delivery drivers and has abused its power by imposing a no-poach policy on purportedly independent DSPs, and by undertaking other actions that suppressed wages and worsened working conditions for the DSPs' drivers.[5] Although the Attorney General's action is limited to New Jersey, Radice Law Firm investigated the allegations and discovered that the practice alleged is occurring nationwide, inflicting economic injury to DSP delivery drivers in all 50 States, the District of Columbia, and Puerto Rico.

This action (the "*Anderson* Action") was designated as related to the New Jersey Attorney General's action and assigned to this Court. On September 1, 2026, the Court endorsed a stipulated schedule governing Plaintiffs' filing of an Amended Complaint and Amazon's responsive pleading, and recognizing the parties' interest in "synchroniz[ing] the schedule in this action with the schedule in the [Attorney General's] Action to the extent practicable in the interests of efficiency, consistency, and judicial economy."[6]

---

[5] *See Attorney Gen. of the State of N.J. v. Amazon.com, Inc. et al.*, No. 2:26-CV-09814, ECF No. 1 (D.N.J.).

[6] ECF No. 13 at 1.

## ARGUMENT

This Court can and should exercise its discretion to appoint Radice Law Firm as Interim Lead Counsel. If appointed, Radice Law Firm will deploy its significant experience, resources, and expertise to litigate these claims through final judgment.

### I. Appointment of Interim Lead Counsel is Appropriate.

Federal Rule of Civil Procedure 23(g)(3) permits the Court to appoint class counsel prior to class certification, in order to protect the interests of the putative class during the pre-certification period. The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."[7] Courts in this District regularly grant Rule 23(g)(3) motions.[8] Because Interim Lead Counsel is charged with the ultimate responsibility of acting for and in the best interests of the class, the Court should appoint counsel who are capable and qualified to fairly and adequately represent the interests of the class.[9] "The selection of interim lead counsel is a decision within the Court's broad discretion."[10]

### II. Radice Law Firm is Best Suited to Represent the Interests of the DSP Delivery Drivers Class.

When considering the appointment of Interim Lead Counsel, courts analyze the following factors, which are the same criteria used to select lead counsel for a certified class:

(i) the work counsel has done in identifying or investigating potential claims in the action;

---

[7] *Manual for Complex Litigation*, Fourth, § 21.11 ("Manual") at 246 (2004).
[8] *See Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, No. 2:20-CV-14464, 2025 WL 3771284, at *13 (D.N.J. Dec. 31, 2025) (collecting cases).
[9] *See* Manual §§ 10.22, 21.271, 21.272.
[10] *Mitchell v. Kenvue, Inc.*, No. 3:24-CV-04109, 2025 WL 1224229, at *2 (D.N.J. Apr. 28, 2025).

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.[11]

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[12]

These factors support the appointment of Radice Law Firm as Interim Lead Counsel. The work Radice Law Firm has undertaken to investigate and prosecute the claims at issue here is evident from the initiative it took to retain economic experts for the purpose of preparing the Amended Complaint.[13] Further, Radice Law Firm's coordination with counsel for the New Jersey Attorney General will further the parties' interest in "synchroniz[ing] the schedule" in the public and private actions.[14] Finally, although courts are careful not to place too much weight on the order of filing, the fact that Radice Law Firm filed not just the first complaint on behalf of the putative Class but now an Amended Complaint naming an additional plaintiff and incorporating original expert analysis of nationwide economic data regarding delivery driver wages,[15] supports Radice

---

[11] FED. R. CIV. P. 23(g)(1)(A); *Kenvue*, 2025 WL 1224229, at *2 ("Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.") (quoting *Yaeger v. Subaru of Am., Inc.*, Civ. No. 1:14-CV-04490, 2014 WL 7883689, at *1 (D.N.J. Oct. 8, 2014)).

[12] FED. R. CIV. P. 23(g)(1)(B).

[13] *See Durso v. Samsung Electrs. Am., Inc.*, No. 2:12–cv–5352, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013) (touting counsel's efforts in "researching the claims and engaging experts"); FED. R. CIV. P. 23(g)(1)(A)(i) (directing courts to consider " the work counsel has done in identifying or investigating potential claims in the action").

[14] ECF No. 13 at 1. *See also La. Health Serv. & Indem. Co. v. Janssen Biotech Inc.*, Civ. No. 2:19-CV-14291, 2021 WL 486895, at *1 (D.N.J. Feb. 10, 2021) (expressing preference for coordination of related private and government antitrust claims).

[15] ECF No. 23.

Law Firm's bid to serve as lead counsel, in light of the "inference that the first-filing party has spent more time and resources investigating the matter."[16]

As demonstrated by its Firm Resume,[17] since its founding in 2012, Radice Law Firm has played a significant role in some of the nation's largest class actions, many of which achieved substantial recoveries for plaintiffs and classes, and most of which involved working closely with expert economists. This record provides ample support for the firm's satisfaction of the experience and knowledge criteria.[18]

Finally, Radice Law Firm's roots in New Jersey and experience litigating in this District demonstrate its direct familiarity with local practice.[19] The firm has twice served as lead counsel in class actions resulting in substantial settlements in this District.[20]

## CONCLUSION

Plaintiffs Anderson, Hurston, and Guillen respectfully request that this Court appoint Radice Law Firm as Interim Lead Counsel under Federal Rule of Civil Procedure 23(g).

---

[16] *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022).

[17] *See* Kopel Decl., Ex. A (filed herewith).

[18] FED. R. CIV. P. 23(g)(1)(a)(ii)-(iii).

[19] *See Vanguard Chester Funds*, 625 F. Supp. 3d at 369 (noting a firm's "firsthand familiarity with the local rules, procedures, and culture," and downplaying the competing, out-of-state firm's association with local counsel on the ground that "the role of local counsel is typically not substantive"); *Fero v. Excellus Health Plan, Inc.*, 2016 WL 297742, at *3 (W.D.N.Y. Jan. 25, 2016) (expressing that "significant involvement from a local law firm…is important to effectively represent the class.")

[20] *See Chepiga, et al. v. Conair Corp.*, No. 3:17-cv-01090 (D.N.J.); *Filannino-Restifo v. TD Bank, N.A.*, No. 1:16-cv-02374 (D.N.J.).

Dated: October 16, 2026

Respectfully submitted,

*s/Charles Kopel*
A. Luke Smith
John Radice
Charles Kopel
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
(646) 245-8502
lsmith@radicelawfirm.com
jradice@radicelawfirm.com
ckopel@radicelawfirm.com

*Counsel for Plaintiffs and the Proposed Class*